IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re Deutsche Bank Spoofing Litigation | ) ) ) ) ) ) | Case No. 20-cv-3638<br><br>Judge Joan B. Gottschall |

## ORDER

In their status report filed November 14, 2022, ECF No. 71 ("status report"), the parties report that they are at issue over certain discovery requests. Specifically, they disagree about the scope of jurisdictional discovery authorized by the order dated July 20, 2022, ECF No. 61. Defendants take the position "that the trading data for only two traders is required, since these are the only two traders identified in the CFTC [Commodities Futures Trading Commission] Order and which form the basis for Plaintiffs' claims." Status Report ¶ 13. Plaintiffs' position is:

> that while Defendants' production flagged at least 34 traders with spoofing alerts in CBOT [Chicago Board of Trade] Treasury and CME [Chicago Mercantile Exchange] Eurodollar futures during 2013, Defendants produced transaction data for only two traders. Plaintiffs assert that consistent with the Court-ordered jurisdictional discovery and Plaintiffs' Consolidated Class Action Complaint (ECF No. 40 at ¶ 79) (alleging broader spoofing and market manipulation by Defendants beyond the two traders mentioned in the CFTC Order), Plaintiffs' subpoena to the CME will supplement Defendants' September 19 production and provide "the full record of Defendants' orders, trades and cancelations in CBOT Treasury and CME Eurodollar futures during 2013" (ECF No. 61 at 6).

Status Report ¶ 11.

The parties have not filed the discovery requests, responses, and subpoena at issue. Although helpful, the summaries in the status report filed November 14, 2022, provide very limited information. In the order dated July 20, 2022, the court "authorize[d] plaintiffs to conduct limited discovery consistent with the proposal in their supplemental memorandum." Order at 7 (citing Pls.' Suppl. Br. 12–13, ECF No. 50). Page six of the order quotes the cited portion of plaintiff's memorandum defining the scope of jurisdictional discovery plaintiffs proposed and the court authorized:

> Here, pre-existing, non-privileged documents furnished to or by the CFTC (and those in any related CME and/or CBOT investigations) would be sought in

> discovery. To the extent defendants' order and trade history is not in those files, the full record of Defendants' orders, trades and cancelations in CBOT Treasury and Eurodollar futures during 2013 also would be sought.

*Id*. at 6 (alterations omitted) (quoting Pls.' Suppl. Br. 12–13).

By its plain terms, the second sentence permits discovery beyond the scope of the investigations described in the first sentence. Thus, based on the limited information the parties have provided, plaintiffs appear to be correctly reading the order dated July 20, 2022, insofar as they contend that court-authorized discovery is broader than the investigations referenced in the first sentence quoted above.

In the status report, plaintiffs ask the court to require defendants to provide "the identifying information requested by Plaintiffs' Interrogatories within 14 days." Status Report ¶ 12. The court has tentatively ruled on the scope of discovery based on a very limited record, but the court declines to enter an order compelling defendants to produce specific discovery material without seeing the discovery requests at issue and receiving full briefing on an appropriate discovery motion, such as a motion to compel or a motion for a protective order. Before filing any discovery motion, the parties must meet and confer in accordance with Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37.2. If the parties cannot reach an agreement, any discovery motions will be briefed as follows: motions due: November 22, 2022; response due: December 1, 2022. No replies are authorized. If the parties reach an agreement obviating the need for motion practice, they must so inform the court by and including November 22, 2022.

Dated: November 17, 2022            /s/
                                    Joan B. Gottschall
                                    United States District Judge